UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

ADAM S. DONOVAN,

Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

Defendant.

No. CV-09-121-JPH

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on May 7, 2010 (Ct. Rec. 20, 23). Attorney Maureen J. Rosette represents plaintiff; Special Assistant United States Attorney Nancy Mishalanie represents the Commissioner of Social Security (Commissioner). The parties consented to proceed before a magistrate judge (Ct. Rec. 8). Plaintiff filed a reply on March 15, 2010 (Ct. Rec. 25). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 23) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 20).

**JURISDICTION**

Plaintiff protectively applied for supplemental security income (SSI) and disability insurance benefits (DIB) on March 15, 2006, alleging onset as of November 18, 2000 (Tr. 149-159). The applications were denied initially and on reconsideration (Tr.

108-115, 117-124). Administrative Law Judge (ALJ) R.S. Chester held a hearing on August 14, 2008 (Tr. 32-100). Plaintiff, represented by counsel, medical expert James Haynes, M.D., psychologist Allen Bostwick, Ph.D., and vocational expert Daniel McKinney testified (Tr. 32-100). On September 17, 2008, the ALJ issued a decision (Tr. 15-29) finding plaintiff is disabled when substance abuse is included (Tr. 24). The ALJ found DAA is a contributing factor material to plaintiff’s disability determination (Tr. 29). When DAA is excluded, plaintiff cannot perform past relevant work but could perform other jobs, meaning he is not disabled (Tr. 27-29). Accordingly, the ALJ found plaintiff not disabled (Tr. 29). The Appeals Council denied review on February 17, 2009 (Tr. 1-3). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on April 20, 2009 (Ct. Recs. 1,4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision, referred to as necessary in the briefs of both plaintiff and the Commissioner, and will be summarized here.

Plaintiff was 27 years old at the time of the hearing (Tr. 50). He earned a high school equivalency certificate and completed a year of college (Tr. 55, 173). Mr. Donovan has held the jobs of fast food worker, fast food cook, drywall applicator, and material handler (Tr. 58-59, 61,91-94). He alleges disability since November 18, 2000, when he was nineteen years old, due to

degenerative arthritis and gout (Tr. 166). He last worked in December 2005. Mr. Donovan has alleged he is unable to work due to pain in his fingers, elbows, knees, and feet. His hands are stiff with limited range of motion and he is "in severe pain all the time" (Tr. 166).

Plaintiff alleges the ALJ erred when he weighed the opinions of examining and testifying professionals and assessed credibility (Ct. Rec. 21 at 15-22). The Commissioner asserts the ALJ's decision should be affirmed because it free of error and supported by the evidence (Ct. Rec. 24 at 8).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.

20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d)(2)(C) and 1382(a)(3)(J); *Bustamante v. Massanari,* 262 F.3d 949 (9th Cir. 2001); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped

using alcohol or drugs.

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If

evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At the onset the ALJ found Mr. Donovan was insured for DIB purposes through September 30, 2003 (Tr. 15, 17). At step one ALJ Chester found plaintiff did not engage in substantial gainful activity after onset (Tr. 18). At steps two and three, he found plaintiff suffers from gout, arthritis, diabetes mellitus type II, history of pulmonary embolism on coumadin therapy, mood disorder due to chronic pain, personality disorder NOS with narcissistic and antisocial traits, and polysubstance abuse (prescription medication, THC, and methamphetamine)( Tr. 18), impairments that equal Listings 14.09 and 12.09 (Tr. 24). The ALJ found plaintiff less than completely credible (Tr. 26). When DAA is included, the ALJ found plaintiff disabled at step three (Tr. 24). He found if Mr. Donovan stopped abusing substances, he would still have severe but not Listing-level impairments (Tr. 24-25). The ALJ found at step four if plaintiff stopped abusing substances, he would be

unable to perform his past work. At step five he found Mr. Donovan could perform other jobs (Tr. 25, 27-28). The ALJ found DAA was a contributing factor material to the disability determination (Tr. 29). Accordingly, he found plaintiff is barred from receiving benefits and therefore not disabled as defined by the Social Security Act (Tr. 29).

**ISSUES**

Plaintiff contends the Commissioner erred as a matter of law when he erroneously weighed the opinions of examining and testifying professionals and when he assessed Mr. Donovan's credibility, errors he alleges lead the ALJ to wrongly conclude DAA materially contributes to plaintiff's disability finding (Ct. Rec. 21 at 15-22). The Commissioner asserts the Court should affirm the ALJ's decision because it is without error and supported by the evidence (Ct. Rec. 24 at 8).

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir. 1989). However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

**B. Specific opinions**

Mr. Donovan asserts the ALJ erred by (1) failing to properly

credit the opinions of treating physician Christopher Goodwin, M.D. (May 2005) and examining psychologist Gerald Gardner, Ph.D. (May of 2008); (2) giving too much credit to the opinions of the testifying professionals, Allen Bostwick, Ph.D., and James Haynes, M.D.; (3) failing to credit Dr. Haynes's opinion plaintiff meets Listing 14.09, and (4) finding Mr. Donovan less than credible (Ct. Rec. 21 at 15-22; 25 at 1-4).

*1. Treating doctor Goodwin*

Plaintiff correctly observes in May of 2005, Dr. Goodwin opined Mr. Donovan was severely limited, unable to work, and not a drug seeker (Ct. Rec. 21 at 20, referring to Tr. 701). Plaintiff goes on to accurately point out Dr. Goodwin opined in May of 2007 Mr. Donovan's gout is severe (Id., citing Tr. 705). In May of 2005, Dr. Goodwin also assessed an RFC for sedentary work and noted plaintiff's poor compliance with treatment (Tr. 706).

The Commissioner correctly points out Dr. Goodwin had a less favorable opinion in December of 2006 (Ct. Rec. 24 at 12-13, citing Tr. 865). Dr. Goodwin states

> Unfortunately, [plaintiff] has back-tracked significantly, all due to poor compliance and polysubstance abuse to the point that he now requiring short and long acting insulin for prednisone-induced diabetes.
>
> . . .
>
> He admits to continuing problems with poor compliance. He continues to use street drugs intermittently stating he is using them for pain control. I confronted him on this statement as he had been using methamphetamine and marijuana recreationally back before pain was an issue.
>
> . . .
>
> I would strongly recommend that he be considered for [an] inpatient drug rehab program. . . I firmly believe that with regular compliance and avoidance of substance abuse, he could get off

> the prednisone and off the narcotics and manage his gout with allopurinol and colchicine, and thus would be able to get off the insulin as well.

(Tr. 865).

The ALJ opines examining doctor Michael Carraher, M.D.'s opinion is consistent with the opinions of both treating doctor Goodwin and testifying doctor Haynes (Tr. 23-24, referring to Exhibit 34F at Tr. 847-863; Tr. 79). The ALJ is correct.

Dr. Haynes testified if plaintiff became medication compliant and DAA is excluded, Mr. Donovan could perform a range of light work (Tr. 79). This is generally consistent with Dr. Goodwin's opinion most of plaintiff's medial problems are self-induced and would resolve with compliance (Tr. 865). The ALJ similarly found all three physicians opined plaintiff was unable to work with DAA included (Tr. 24), a finding fully supported by the record.

The ALJ properly weighed Dr. Goodwin's opinions.

*2. Examining psychologist Gardner*

Dr. Gardner examined plaintiff May 15, 2008 (Tr. 835-846), more than two years after Mr. Donovan applied for SSI and more than four years after his last insured date. Dr. Gardner opined plaintiff's assessed marked and moderate impairments "would appear to exist even without substance abuse," and [DAA] "[p]robably at times" contributes to the limitations, but "DAA does not appear to be primary at this point. This appears to be a very difficult pain management problem" (Tr. 843).

With respect to Dr. Gardner's contradicted opinion, Dr. Bostwick testified that only a few weeks before Gardner's evaluation, "narcotic abuse was noted to be a problem in terms of drug seeking behavior" (Tr. 48, citing Exhibit 36F, dated April

18, 2008 at Tr. 878,880).

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility and found him less than fully credible (Tr. 23-24, 26-27). Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the c1aimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The court agrees with the Commissioner that even with some evidence of malingering, the ALJ nonetheless gave clear and convincing reasons for discrediting plaintiff's credibility (Ct. Rec. 24 at 15, referring to Tr. 26-27).

The ALJ relied on (1) failure to follow prescribed courses of

treatment; (2) untruthfulness about substance abuse and drug seeking behavior; and (3) inconsistent statements when he assessed plaintiff's credibility (Tr. 26-27). Each is clear, convincing and supported by the record.

Failing to follow a prescribed course of treatment can cast doubt on a claimant's sincerity. *Fair v. Bowen*, 885 F.2d 597,603 (9th Cir. 1989); *Thomas v. Barnhart*, 278 F.3d 947,958-959 (9th Cir. 2002). The ALJ accurately observes the record is replete with plaintiff's noncompliance with medical treatment (Tr. 20). The ALJ points out in May of 2005, plaintiff was out of necessary medications for a month (Id; Exhibit 11F at Tr. 422). He observes in March of 2006, plaintiff "was not taking his chronic medications right and did not keep appointments with specialists" (Tr. 20-21), citing Exhibit 16F at Tr. 548,551,558-561). The record contains many more instances of plaintiff's noncompliance with treatment for both gout and diabetes.

Untruthfulness about substance abuse and drug seeking behavior are clear and convincing reasons to reject a claimant's testimony. *Verduzco v. Apfel*, 188 F.3d 1087,1090 (9th Cir. 1999); *Edlund v. Massanari*, 253 F.3d at 1157-1158. The Commissioner correctly points out emergency room records from October of 2007 [among others] reflect drug-seeking behavior over several months (Ct. Rec. 24 at 13, n2 citing Tr. 756).

Inconsistent statements detract from credibility. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002). The ALJ notes plaintiff gave contradictory histories to ER personnel (Tr. 27, referring to Tr. 818-819). The record supports the ALJ's reason. On February 6, 2008, ER physician Christopher Tillis, M.D., notes

plaintiff initially complained he dislocated his right knee. After Dr. Tillis asked Mr. Donovan about his recent ER visit for problems with gout in the right knee, plaintiff admitted "it was actually diagnosed as gout" (Tr. 819).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas,* 278 F.3d at 958-959 (proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The record shows the ALJ's credibility assessment is supported by the evidence and by clear and convincing reasons.

In addition to considering plaintiff's lack of credibility, the ALJ appears to rely on Dr. Bostwick's more complete picture of current DAA than Gardner's at the time of Gardner's evaluation (Tr. 23-24, 27). Dr. Gardner assessed methamphetamine abuse or dependence in *reported* full and sustained remission, chronic marijuana abuse, and *apparent* prescription narcotic abuse (Tr. 842)(emphasis added). Dr. Bostwick pointed out the specific concurrent evidence of drug seeking behavior to obtain

prescription narcotics. The evidence shows plaintiff's self-reported remission is false, and narcotic abuse is actual as opposed to apparent. This is sufficient "other evidence" to support the ALJ's reliance on the testifying rather than the examining psychologist. *See Andrews v. Shalala*, 53 F.3d at 1042-1043). The ALJ's reasons for adopting the opinion of Dr. Bostwick with respect to the effects of DAA rather than the contradicted opinion of the examining psychologist are specific, legitimate, and supported by substantial evidence. *Flaten v. Secretary of Health and Human Serv*., 44 F.3d at 1463.

*3. Testifying physician Haynes*

As indicated, the ALJ found the testimony of Dr. Haynes persuasive. The ALJ notes

"The are compliance issues and Dr. Haynes testified that his [plaintiff's] gout does not have to be as severe as it has gotten. Gout is not a disabling disease and the severity of claimant's is self-inflicted."

(Tr. 24, referring to Tr. 84).

The ALJ properly credited this opinion as it is consistent with the bulk of the evidence. Because Dr. Haynes's opinion was consistent with treating Dr. Goodwin's, the ALJ properly relied on it. Plaintiff fails to note the record as a whole, including the opinions of many treating professionals, fully supports the ALJ's determination Mr. Donovan is disabled when DAA is included, and DAA is contributing factor material to the disability determination.

*4. Listed impairment*

Dr. Haynes testified plaintiff meets Listing 14.09 but it is

self-inflicted (Tr. 85). The ALJ found plaintiff disabled when DAA is included. Whether plaintiff would meet the Listing without DAA is plaintiff's burden to establish. *Tackett v. Apfel*, 180 F.3d 1094, 1098-1099 (9th Cir. 1999). He did not. The ALJ properly found plaintiff did not meet his burden at step three when DAA is excluded.

Because plaintiff is disabled with DAA included, as the ALJ found, and DAA materially contributes to the disability finding, Mr. Donovan is barred from receiving benefits.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 23** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 20)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 28th day of June, 2010.

s/ James P. Hutton

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE